UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHESTER PATTERSON,

        Petitioner,

v.                              CASE NO. 2:79-CV-71861
                               HONORABLE NANCY G. EDMUNDS
CHARLES ANDERSON,      UNITED STATES DISTRICT JUDGE

        Respondent,
_____/

**OPINION AND ORDER (1) DIRECTING THE CLERK OF THE COURT TO REOPEN THE CASE TO THE COURT'S ACTIVE DOCKET, (2) DENYING PETITIONER'S RULE 60(D) MOTION FOR RELIEF FROM JUDGMENT OR IN THE ALTERNATIVE FOR AN INDEPENDENT ACTION, (3) DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND (4) DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS***

### I. Introduction

On May 31, 1979, petitioner filed a petition for writ of habeas corpus, challenging his 1972 convictions out of Kent County Circuit Court for second-degree murder and armed robbery. This Court's predecessor initially granted habeas relief but on reconsideration denied the petition for writ of habeas corpus.

Petitioner has filed a Rule 60(d) motion for relief from judgment, or in the alternative, for an independent action.

For the following reasons, the Court orders the Clerk of the Court to reopen the case to the Court's active docket. The Court denies in the motion for relief from judgment and/or motion to file an independent action.

### II. Background

Petitioner has had a long history of litigation in the federal courts. This Court recites

1

the facts underlying petitioner's conviction from the Sixth Circuit's denial of petitioner's subsequently filed sixth habeas petition:

> On December 21, 1970, plaintiff-appellant Chester Patterson ("Patterson") and an accomplice committed an armed robbery. After demanding money from the store clerk, Patterson told the clerk to lie down on the floor. Though defendant-appellee Jessie Rivers ("Rivers") asserts that Patterson then fatally shot the clerk in the head following the robbery, Patterson asserts that he merely fired a "warning shot" before fleeing the store. Moreover, Patterson insists that the clerk was alive when he fled the store following the robbery. In any event, Patterson pled guilty to second degree murder and armed robbery and received two concurrent life sentences.
>
> On April 11, 1972, the Michigan Court of Appeals reversed Patterson's conviction because Patterson was not sufficiently advised of his constitutional rights when he entered his guilty plea. On May 12, 1972, Patterson entered guilty pleas for the second time and, once again, was sentenced to two concurrent life sentences. The Michigan Court of Appeals and the Michigan Supreme Court subsequently denied Patterson's applications for leave to appeal his conviction, and the Kent County Circuit Court denied Patterson's post-conviction motions for a new trial.
>
> The district court dismissed Patterson's first habeas corpus petition without prejudice on January 25, 1977, and dismissed Patterson's second habeas corpus petition without prejudice on May 4, 1981. On October 27, 1981, the district court addressed the merits of Patterson's third habeas corpus petition and denied relief. This court, however, vacated the district court's decision and remanded Patterson's third habeas corpus petition to district court with instructions to dismiss the petition in light of Patterson's failure to exhaust state remedies pursuant to *Rose v. Lundy*, 455 U.S. 509 (1982). The district court did so on August 23, 1983. [1]
>
> In his fourth habeas corpus petition, Patterson raised eight grounds for relief. The district court denied Patterson's fourth petition on December 13, 1985. This court affirmed the district court's decision on August 13, 1987, and the United States Supreme Court denied Patterson's petition for a writ of certiorari on January 19, 1988.
>
> On August 30, 1991, a magistrate judge recommended that Patterson's fifth habeas corpus petition be dismissed as an abuse of the writ. On September

---

[1] This third petition references to the case currently before this Court, 79-CV-71861.

13, 1991, the district court adopted the magistrate judge's Report and Recommendation as the opinion of the court and dismissed Patterson's petition.

Patterson's sixth habeas corpus petition, which is the subject of this appeal, raises three claims: (1) ineffective assistance of trial counsel; (2) ineffective assistance of appellate counsel; and (3) the prosecution's suppression of exculpatory evidence. On September 3, 1996, the district court dismissed Patterson's sixth habeas corpus petition in accordance with the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") which took effect on April 24, 1996. On September 3, 1997, Patterson moved to reinstate his sixth habeas corpus petition in light of the Supreme Court's decision in *Lindh v. Murphy*, 521 U.S. 320 (1997), which held that the AEDPA does not apply to habeas corpus petitions that were pending on the date of its enactment. The district court agreed with Patterson and, on September 8, 1997, the court: reinstated Patterson's sixth habeas corpus petition; reconsidered the petition under pre-AEDPA standards; and dismissed the petition as an abuse of the writ pursuant to 28 U.S.C. § 2244(b).

On October 7, 1997, Patterson filed a motion to reconsider the suppression of exculpatory evidence issue in district court. The district court denied Patterson's motion for reconsideration on October 20, 1997. On June 12, 1998, the Sixth Circuit granted Patterson's motion for a certificate of probable cause with respect to the suppression of exculpatory evidence issue only.

*Patterson v. Rivers*, 1999 WL 775800, * 1-2, 191 F.3d 452 (6th Cir. Sep. 24, 1999); *cert. den.* 528 U.S. 1089 (2000); *reh. den.* 528 U.S. 1184 (2000)(internal footnotes omitted).

The Sixth Circuit affirmed the denial of petitioner's sixth habeas petition as an abuse of the writ. *Id.,* * 2-4.

In 2014, petitioner filed his seventh habeas petition in the United States District Court for the Western District of Michigan. One of the claims raised in his petition was that Judge George Cook of the Kent County Circuit Court committed a fraud upon the court by failing to disclose until 1981 that he was a personal friend of the murder victim's father. Petitioner further argued that all of the state court proceedings presided over by Judge

3

Cook between 1975 and 1981 should be vacated for want of jurisdiction because Judge Cook was biased due to this relationship. Petitioner further argued that his defense counsel was ineffective for failing to enforce an order of disqualification entered into between Judge Cook and the parties on August 13, 1981, which caused Judge Cook to remain on petitioner's case until 1988. Petitioner further claimed that the prosecutor committed misconduct by allowing Judge Cook to remain on his case after the 1981 order of disqualification had been signed. [2]

Petitioner's seventh habeas petition was dismissed as being barred by the statute of limitations contained in 28 U.S.C. § 2244(d) and also as an abuse of the writ. *Patterson v. Smith*, No. 1:14-CV-878, 2015 WL 5682401 (W.D. Mich. Sept. 18, 2015)(Adopting Report and Recommendation of Magistrate Judge); *app. dism.* No. 15-2392 (6th Cir. Apr. 8, 2016).

Petitioner has now filed a Rule 60(d) motion for relief for judgment and/or for an independent action, seeking relief from his conviction. Petitioner argues that he is entitled to relief from judgment and/or to maintain an independent action under Rule 60(d) because Judge Cook committed a fraud upon the court by failing to reveal until 1981 that he was friends with the murder victim's father, that his defense counsel was ineffective for failing to enforce the stipulation and order from 1981 disqualifying Judge Cook, that Judge Cook's successor judges should also be disqualified on this basis, and that the prosecutor committed misconduct by concealing Judge Cook's misconduct in failing to disqualify himself from the case.

---

[2] *See Patterson v. Smith,* No. 1:14-cv-878, Dkt. # 1, PG ID 9-13, Dkt. # 2, PG ID 38-53, Dkt. # 3, PG ID 85-87.

III. **Discussion**

Petitioner seeks to reopen his case and reinstate his original habeas petition. The Court directs the Clerk of the Court to reopen the case to the Court's active docket in order to facilitate the adjudication of petitioner's motion. *See Heximer v. Woods*, No. 2:08-CV-14170, 2016 WL 183629, * 1 (E.D. Mich. Jan. 15, 2016).

Petitioner claims that he is entitled to relief from judgment and/or maintain an independent action pursuant to Fed. R. Civ. P. 60(d) because Judge Cook of the Kent County Circuit Court, who presided over the proceedings in his criminal case between 1975-1981, was biased against him because he was friends with the murder victim's father.[3] Petitioner claims that Judge Cook committed a fraud upon the court by failing to disclose this fact until 1981 and also for remaining on the case until 1988 even though the parties entered into a stipulation in 1981 for Judge Cook to recuse himself from the case. Petitioner also claims that defense counsel was ineffective for permitting Judge Cook to remain on the case after the disqualification order was signed in 1981 and that the prosecutor committed misconduct and a fraud upon the court by failing to object to Judge Cook remaining on the case after he had recused himself in 1981.

"The 'indisputable elements' of an independent action for relief from judgment are: (1) a judgment which ought not, in equity and good conscience, to be enforced; (2) a good defense to the alleged cause of action on which the judgment is founded; (3) fraud, accident, or mistake which prevented the defendant in the judgment from obtaining the

---

[3] Petitioner does not specify in his motion what these proceedings were. In light of the fact that petitioner had already pleaded guilty and been sentenced in 1972, this Court assumes that these proceedings were all post-appeal in nature.

5

benefit of his [or her] defense; (4) the absence of fault or negligence on the part of the defendant; and the absence of any adequate remedy at law." *Mitchell v. Rees*, 651 F. 3d 593, 595 (6th Cir. 2011). More importantly, an independent action pursuant to Fed. R. Civ. P. 60 is "available only to prevent a grave miscarriage of justice." *Id.* (quoting *United States v. Beggerly*, 524 U.S. 38, 47 (1998)). In the context of a habeas or habeas type case, in order to establish that relief is required to prevent a grave miscarriage of justice, so as to maintain an independent action pursuant to Fed. Rule Civ. P. 60, a habeas petitioner must make a strong showing of his or her actual innocence. *Id,* at pp. 595-96 (citing *Calderon v. Thompson*, 523 U.S. 538, 557–58 (1998); *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)).

Petitioner is not entitled to maintain an independent action for relief from judgment pursuant to Fed. R. Civ. P 60(d) for several reasons.

First, petitioner is not entitled to bring an independent action under Rule 60(d) because he previously had an opportunity to bring the allegations of judicial bias, fraud on the court, ineffective assistance of counsel, and prosecutorial misconduct to the attention of the federal district court and the Sixth Circuit in his 2014 habeas petition. *See Mitchell*, 651 F. 3d at 598-99. Because petitioner had an opportunity to raise his current claims in his 2014 habeas petition, he cannot bring an independent action under Rule 60(d). *Id.*

Secondly, petitioner has failed to show that a fraud was been committed upon this Court.

The elements of fraud upon the court consists of conduct:

1. on the part of an officer of the court;
2. that is directed to the "judicial machinery" itself;
3. that is intentionally false, wilfully blind to the truth, or is in reckless disregard for the truth;
4. that is a positive averment or is concealment when one is under a duty to

6

disclose; and,
5. that deceives the court.

*Demjanjuk v. Petrovsky*, 10 F. 3d 338, 348 (6th Cir. 1993).

Petitioner's "fraud on the court" claim is without merit.

The first problem with petitioner's "fraud on the court" argument is that other than his conclusory assertions, petitioner has presented no evidence to this Court that the attorneys representing the State of Michigan in his 1979 habeas case carried out a deliberate or reckless fraud on the federal district court, so as to entitle him to relief from judgment based upon a fraud committed upon this Court. *See Alley v. Bell,* 392 F. 2d 822, 831 (6th Cir. 2004). Petitioner presented no evidence to this Court that the Michigan Attorney General's Office at the time of his habeas case in 1981 knew or had been made aware of Judge Cook's friendship with the victim's father and any bias arising from that relationship.

In addition, petitioner's fraud on the court claim with respect to Judge Cook, his defense counsel, or the Kent County Prosecutor or any assistant prosecutors is meritless because he failed to show with respect to these individuals that any alleged fraud was committed by an officer of *this Court*. (emphasis supplied). In order for a claim of fraud on the court to succeed, so as to permit relief from a state conviction pursuant to Fed.R. Civ. P. 60, "the fraud must have been committed by an officer of the federal habeas trial or appellate courts." *Buell v. Anderson,* 48 F. App'x. 491, 499 (6th Cir. 2002)(citing *Workman v. Bell*, 227 F. 3d 331, 336, 341 (6th Cir. 2000)(*en banc*)). Because neither Judge Cook, defense counsel, or the Kent County Prosecutor or any of his assistants were acting as an officer of the federal habeas court, the "fraud upon the court" exception does not apply to permit petitioner to maintain an independent action for relief from judgment. *Id.*

7

Petitioner is also not entitled to maintain an independent action for relief from judgment to challenge his state criminal court conviction because he failed to show that there has been a grave miscarriage of justice in his case. *Mitchell,* 651 F. 3d at 599. Petitioner has neither alleged or established his actual innocence of the crime that he was convicted, particularly in light of the fact that he pleaded guilty to these charges. *See Prescott v. Gidley*, No. 14-13220, 2016 WL 3549343, * 2 (E.D. Mich. June 30, 2016). Accordingly, he cannot maintain an independent action for relief from judgment pursuant to Fed. R. Civ. P. 60(d).

## IV. **A Certificate of Appealability**

Before petitioner may appeal this decision, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(a); Fed. R.App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id.* "The district court must issue or deny a certificate of appealability when it enters a final order adverse

to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254. A certificate of appealability is required for a habeas petitioner to appeal the denial of a Rule 60(d) motion for an independent action. *See e.g. Mitchell,* 651 F. 3d at 594.

Petitioner is not entitled to a certificate of appealability from the denial of his Rule 60(d) motion, because he failed to make a substantial showing of the denial of a constitutional right or that this Court's procedural ruling was incorrect. The Court will also deny petitioner leave to appeal *in forma pauperis*, because the appeal would be frivolous. *See Allen v. Stovall,* 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001).

### V. ORDER

The Court **ORDERS** that:

(1) The Clerk of the Court reopen the case to the Court's Active Docket.

(2) The Rule 60(d) motion for relief from judgment/or in the alternative for an independent action [Dkt. # 2] is **DENIED**.

(3) Petitioner is denied a certificate of appealability.

(4) Petitioner is DENIED Leave to Appeal *In Forma Pauperis*

                              **s/ Nancy G. Edmunds**
                              **HON. NANCY G. EDMUNDS**
                              **UNITED STATES DISTRICT JUDGE**

**Dated:** February 7, 2018